**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GIORDANO,<br><br>     Plaintiff,<br><br>  v.<br><br>TOWNSHIP OF TOMS RIVER, *et al.*,<br><br>     Defendants. | Civil Action No. 20-18432 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

  This matter comes before the Court on Defendant Theodore Wielichoski's ("Defendant" or "Wielichoski") motion for summary judgment in this civil rights matter. (ECF No. 119.) Plaintiff did not file opposition to the motion. (ECF Docket Sheet.)

  Following the Court's screening of Plaintiff's operative complaint, only one claim remains in this matter against the moving Defendant—Plaintiff's claim that Wielichoski used excessive force against him following a dispute at a restaurant in Toms River. (*See, e.g.*, ECF Nos. 75-76.) Wielichoski now moves for judgment as to that claim, asserting that the record proves that Wielichoski was not involved in this incident.

  Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence

of a genuine [dispute] of material fact." *Celotex*, 477 U.S. at 323. A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment, a district court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine [dispute] for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014). "A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations, instead it must present actual evidence that creates a genuine [dispute] as to a material fact for trial." *Serodio*, 27 F. Supp. 3d at 550.

Pursuant to Federal Rule of Civil Procedure 56(e)(2) and Local Civil Rule 56.1, where, as here, the moving party files a proper statement of material facts and the non-moving party fails to file a responsive statement of disputed material facts, the Court is free to consider the moving party's statement of material facts undisputed and therefore admitted for the purposes of resolving the motion for summary judgment. *See, e.g.*, *Ruth v. Sel. Ins. Co.*, No. 15-2616, 2017 WL 592146,

at *2-3 (D.N.J. Feb. 14, 2017). Even where a defendant's statement of material facts is deemed admitted and unopposed, a district court is still required to "satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and that [the defendants is] entitled to judgment as a matter of law." *Id.* at 2 (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

The following facts are drawn from Defendant's unopposed statement of material facts not in dispute, which is deemed admitted for the purposes of this motion. (ECF No. 119-3.) Plaintiff's current claim against Defendant arises out of dispute that occurred at a Toms River restaurant. (*Id.* at 1.) According to Plaintiff, the dispute devolved into an assault and Plaintiff was subjected to excessive force by police officers. (*Id.*) While Wielichoski was dispatched to the scene to aid in diffusing the situation, Defendant certifies, and police records indicate, that he arrived on the scene only after the incident ended and when Plaintiff had already been placed in the back of a Toms River police car. (*Id.*) Wielichoski thereafter departed from the scene without exiting his vehicle or coming near Plaintiff at the scene. (*Id.* at 2; ECF No. 119-5 at 5.) In addition, Defendant did not follow local police to the Toms River Police Department, and was therefore not present for the events that occurred at the station. (*Id.*) The undisputed facts currently before the Court, which Plaintiff has failed to oppose, indicate that Wielichoski was neither present for nor involved in the use of force incidents that form the basis of Plaintiff's current claims.

"To prevail on a Fourth Amendment excessive-force claim, a plaintiff must show that a seizure occurred and that [the use of force during that seizure] was unreasonable under the circumstances." *El v. City of Pittsburgh*, 975 F.3d 327, 336 (3d Cir. 2020) (quoting *Lamont v. New Jersey*, 637 F.3d 177, 182-83 (3d Cir. 2011)). A seizure occurs whenever an officer restrains a person's freedom to walk away. *Id.* "Where a seizure occurs, the reasonableness of the force

3

used is determined objectively, without consideration of the officer's intent or motivation, and based upon the totality of the facts and circumstances." *Id.*

In this matter, the factual record and Defendant's undisputed statement of material facts indicate that Wielichoski was neither present for nor involved in any seizure or use of force against Plaintiff. The facts would thus not permit a reasonable juror to find that Wielichoski committed or was involved in an unconstitutional use of excessive force against Plaintiff. Because there is no genuine dispute of material fact as to Plaintiff's claims against Wielichoski, Defendant is entitled to judgment as a matter of law as to Plaintiff's excessive force claims against him.

**IT IS THEREFORE** on this 10th day of July, 2024, **ORDERED** that:

1. Wielichoski's unopposed motion for summary judgment (ECF No. 119) is **GRANTED**;

2. Judgment is entered in favor of Wielichoski as to Plaintiff's remaining excessive force claims; and

3. The Clerk of the Court shall serve a copy of this Memorandum Order upon Wielichoski electronically and upon Plaintiff by regular mail.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**