**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID GIORDANO,<br><br>            Plaintiff,<br><br>    v.<br><br>TOWNSHIP OF TOMS RIVER, et al.,<br><br>            Defendants. | Civil Action No. 20-18432 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

    This matter comes before the Court on the summary judgment motion filed by the remaining Defendants. (ECF No. 135.) Having reviewed the motion, the Court notes that the moving Defendants have failed to provide a statement of material facts not in dispute, despite notes in their motion of an intention to include a separately filed statement of material facts.[1] (*See* ECF No. 135-4 at 6.) Pursuant to Local Civil Rule 56.1(a), a party filing a summary judgment motion "shall furnish a statement which sets forth the material facts as to which there does not exist a genuine [dispute], in separately numbered paragraphs" citing to the record. "A motion unaccompanied by a statement of material facts not in dispute shall be dismissed." *Id.* As Defendants did not include a statement of material facts not in dispute, their motion fails to meet

---

[1] The Court also notes that at least one of the filed certifications prepared by Defendants, that of Defendant Paciulli, was not signed. The Court will not consider an unsigned certification in deciding any motion. Should Defendants wish the information in that certification to be considered, they must provide a signed copy.

the requirements of this rule, and shall be terminated until such time as Defendants file their statement of material facts not in dispute.

Moving beyond the summary judgment motion itself, this Court further notes that, although Plaintiff in this matter appears to have been released from prison in February 2024, (*See, e.g.*, ECF No. 117; *see also* ECF Nos. 123-25), Plaintiff has made no efforts since his release to update the Court as to his address, despite multiple documents being returned to the Court as undelivered at Plaintiff's last address of record. (*See* ECF Nos. 123-25, 128, 132.) Furthermore, during the time since his release, Plaintiff has made no efforts to take discovery and appears to have completely ceased participating in this matter. Indeed, Plaintiff has thus far failed to oppose either summary judgment motion filed in this case. (*See* ECF Docket Sheet; *see also* ECF No. 135-1 at 4.)

Pursuant to Local Civil Rule 10.1(a), all litigants, be they represented or *pro se*, are required to "advise the Court of any change in their or their attorney's address within seven days . . . by filing a notice of said change with the Clerk." A plaintiff's failure to comply with the rule merits sanctions up to and including dismissal of the plaintiff's complaint. *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015). Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may also dismiss a case in which a plaintiff fails to prosecute his case or otherwise move it forward. Under either rule, where a court finds that a party has failed to live up to its obligations, the court must take appropriate action after considering the six factors announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869 (3d Cir. 1984). *See also Parks v. Ingersoll*, 380 F. App'x 190, 194 (3d Cir. 2010); *Archie*, 2015 WL 333299, at *1. Those factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*N'Jai v. Floyd*, 296 F. App'x 266, 268 (3d Cir. 2008) (quoting *Poulis*, 747 F.2d at 868). Dismissal of a complaint "is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Id.* at 267 (quoting *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982); *See also Archie*, 2015 WL 333299, at *2-3 (dismissal should be imposed only when warranted under *Poulis* factors).

Here, Plaintiff has failed to update his address in the last ten months, has taken no action to prosecute his claims, appears to have effectively abandoned this matter, and has similarly failed to adequately update his address in the past. (*See* ECF Docket Sheet.) The Court, therefore, finds that the *Poulis* factors weigh in favor of imposing sanctions up to and including dismissal upon Plaintiff. Because outright dismissal without providing Plaintiff the opportunity to respond is a harsh sanction, however, the Court will administratively terminate the matter at this time. Plaintiff shall show cause as to why this matter should not be dismissed for failure to prosecute within thirty days. Failure by Plaintiff to update his address or respond to this order within that time shall result in this matter being dismissed for lack of prosecution and failure to comply with the requirements of the Local Civil Rules. The Clerk shall be directed to serve this Order upon Plaintiff at his last known address and at Plaintiff's previous address of 333 Aldo Drive, Toms River, New Jersey, 08753.

**IT IS THEREFORE** on this 10th day of December, 2024, **ORDERED** that:

1. Defendants' motion for summary judgment (ECF No. 135) shall be administratively terminated until such time as Defendants file their statement of material facts not in dispute in accordance with Local Civil Rule 56.1(a);

2. This matter shall be administratively terminated pursuant to Local Civil Rule 10.1 and Rule 41 for Plaintiff's failure to prosecute and failure to comply with the Local Civil Rules;

3. Plaintiff shall show cause within thirty days as to why this matter should not be dismissed for failure to prosecute and comply with the Local Civil Rules. Failure to timely respond or update his address shall result in this matter being dismissed for failure to prosecute and failure to comply with the rules; and

4. The Clerk of the Court shall serve a copy of this Memorandum Order upon Defendants electronically and upon Plaintiff by regular mail at both his last known address and his previous address of 333 Aldo Drive, Toms River, New Jersey, 08753.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**