**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID GIORDANO,

    Plaintiff,

v.

TOWNSHIP OF TOMS RIVER, et al.,

    Defendants.

Civil Action No. 20-18432 (MAS) (RLS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the Court's Order directing Plaintiff to show cause within thirty days why this matter should not be dismissed for lack of prosecution. (ECF No. 136.) Despite the passage of that thirty days, Plaintiff has failed to file any response, update his address, or otherwise move to prosecute this matter. In light of Plaintiff's failure to update his address or prosecute his case, and for the reasons expressed in the Order to Show Cause, this matter shall be dismissed without prejudice in its entirety.

    As this Court previously explained, Plaintiff, following his release from prison in February 2024, has taken no action to update the Court as to his address, and has not otherwise sought to prosecute or move this matter forward since that time. Pursuant to Local Civil Rule 10.1(a), plaintiffs are required to "advise the Court of any change in their or their attorney's address within seven days . . . by filing a notice of said change with the Clerk." A plaintiff's failure to comply with the rule merits sanctions up to and including dismissal of the plaintiff's complaint. *See Archie v. Dep't of Corr.*, No. 12-2466, 2015 WL 333299, at *1 (D.N.J. Jan. 23, 2015). Pursuant to Rule

41(b) of the Federal Rules of Civil Procedure, a district court may also dismiss a case in which a plaintiff fails to prosecute his case or otherwise move it forward. Under either rule, where a court finds that a party has failed to live up to its obligations, the court must take appropriate action after considering the six factors announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869 (3d Cir. 1984). *See also Parks v. Ingersoll*, 380 F. App'x 190, 194 (3d Cir. 2010); *Archie*, 2015 WL 333299, at *1. Those factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*N'Jai v. Floyd*, 296 F. App'x 266, 268 (3d Cir. 2008) (quoting *Poulis*, 747 F.2d at 868).

Based on the record before the Court, it appears that Plaintiff entirely abandoned this matter after his release from prison in February 2024. He has not attempted to update the Court as to his address, he made no apparent attempts to pursue further discovery or depositions, he did not oppose either of the previously filed summary judgment motions, and he has not otherwise sought to pursue his claims. As Plaintiff has apparently abandoned this matter, has not prosecuted his case, and has not updated the Court as to his current address and contact information, and in light of Plaintiff's failure to respond to the Court's Order to Show Cause, the Court finds that no sanction less than the dismissal of this matter is appropriate. This matter shall therefore be dismissed without prejudice in its entirety. An appropriate order follows.

                                                 _____
                                                 MICHAEL A. SHIPP
                                                 UNITED STATES DISTRICT JUDGE